UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PLUSH DOZIER,

          Plaintiff,

     -v-

GENESEE COUNTY, WILLIAM
ZIPFEL, and JIM CONWAY,

          Defendants.

_____

**DECISION AND ORDER**

6:20-CV-6628 EAW

## INTRODUCTION

*Pro se* Plaintiff, Plush Dozier ("Plaintiff"), a pre-trial detainee previously incarcerated at the Attica Correctional Facility ("Attica") and the Genesee County Jail, filed this action seeking relief under 42 U.S.C. § 1983. (Dkt. 1). Plaintiff alleges that his constitutional rights were violated when he was wrongfully confined at Attica despite the absence of a conviction of any offense punishable by such imprisonment and while there, was subjected to excessive force and emotional trauma by Attica guards and other inmates.

Presently before the Court is a motion to dismiss (Dkt. 10) filed by defendant Jim Conway ("Conway") and motion for summary judgment (Dkt. 17) filed by defendants Genesee County and William Zipfel (collectively "County Defendants"). The Court issued scheduling orders on both motions (Dkt. 12; Dkt. 18) warning Plaintiff of the consequences of not responding to the motions, but no further submissions were filed. For the following reasons, both motions are granted.

## BACKGROUND

### I.    Factual Background

The following facts are taken from the County Defendants' Statement of Undisputed Facts and Plaintiff's complaint.  (*See* Dkt. 17-37; Dkt. 1).  Plaintiff failed to submit an Opposing Statement of Material Facts, and therefore the factual statements contained in the County Defendants' statement may be "deemed admitted for purposes of the motion" if they are supported by admissible evidence in the record.  *See* L. R. Civ. P. 56(a)(2); *see also N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005) ("district courts have the authority to institute local rules governing summary judgment submissions" although "[r]eliance on a party's statement of undisputed facts may not be warranted where those facts are unsupported by the record"). The Second Circuit has indicated that a district court should not deem unopposed facts admitted when those facts are unsupported in the record.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001).

Here, each factual assertion within the County Defendants' Statement of Undisputed Facts is either taken from the complaint or supported by a citation to exhibits sufficient to prove those factual assertions.  (*See* Dkt. 17-37).  Accordingly, the Court deems the factual allegations in the County Defendants' Statement of Undisputed Facts admitted.  *See* Fed. R. Civ. P. 56(e)(2); *N.Y. State Teamsters*, 426 F.3d at 648-49; *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998); *Thurmond v. Bowman*, 211 F. Supp. 3d 554, 562 (W.D.N.Y. 2016).

Plaintiff was charged with first degree arson and attempted murder in violation of New York Penal Law § 150.20(01) and § 110-123.25(1), respectively, and booked into the Genesee County Jail on June 15, 2018.  (Dkt. 17-37 at ¶¶ 2, 3; Dkt. 1 at 5).  While held at the Genesee County Jail, plaintiff "repeatedly engaged in dangerous, disruptive and threatening behavior."  (Dkt. 17-37 at ¶ 4).  On August 14, 2018, Plaintiff was moved to the custody of the Department of Corrections and Community Supervision ("DOCCS") and housed at Attica, a maximum-security prison, pursuant to Corrections Law § 504(2). (Dkt. 17-37 at ¶¶ 5, 6; Dkt. 1 at 5).

Substitute Jail Orders continuing Plaintiff's care by DOCCS were issued on September 24, 2018, and October 29, 2018.  (Dkt. 17-37 at ¶¶ 8, 9).  On November 23, 2018, Plaintiff commenced a proceeding pursuant to New York C.P.L.R. Article 78 seeking to contest his transfer from the Genesee County Jail to Attica.  (*Id.* at ¶ 10).  On January 2, 2019, a written Memorandum and Judgment was issued that found Plaintiff's transfer to Attica "in accordance with Corrections Law § 504 and the applicable regulations," and that Plaintiff "had not shown that the Commission of Corrections exceeded its authority or abused its discretion" in transferring Plaintiff.  (*Id.* at ¶ 14).  Substitute Jail Orders continuing Plaintiff's care by DOCCS were issued on November 26, 2018, January 2, 2019, January 24, 2019, March 1, 2019, and April 1, 2019.  (*Id.* at ¶¶ 11, 15, 16, 17, 18).

On May 3, 2019, an Order for Commitment was entered, finding that Plaintiff lacked the capacity to understand the proceedings against him or assist in his own defense. (*Id.* at ¶ 19).  An additional Substitute Jail Order was issued on May 8, 2019.  (*Id.* at ¶ 20). On May 15, 2019 Plaintiff was transferred from Attica to the Central New York Psychiatric

Center and on May 17, 2019, the New York State Commission of Corrections revoked the Substitute Jail Orders previously issued. (*Id.* at ¶¶ 21, 22).

Two claims in Plaintiff's complaint remain. The first is for Plaintiff's unlawful imprisonment at Attica, and the second is a failure to protect claim. In his complaint, Plaintiff alleges that he filed a grievance as to both claims but did not appeal either grievance. (Dkt. 1 at 5-6).

## II. Procedural Background

Plaintiff commenced the instant action on August 21, 2020, accompanied by a motion to proceed *in forma pauperis*. (Dkt. 1; Dkt. 2). On April 19, 2021, the Court granted Plaintiff's motion for *in forma pauperis*, and granted him leave to file an amended complaint within 45 days from the date of the Order. (Dkt. 5). The Court directed the Clerk of Court to cause the United States Marshals Service to serve the County Defendants and Conway with Plaintiff's complaint if Plaintiff did not file an amended complaint. (*Id.*).

On June 28, 2021, Plaintiff filed a motion for an extension of time to file his amended complaint. (Dkt. 8). Notwithstanding the motion's untimeliness, the Court granted the motion and permitted Plaintiff an extension through July 29, 2021, to file an amended complaint. (Dkt. 9). No amended complaint was filed. Conway filed the instant motion to dismiss on July 20, 2021. (Dkt. 10). No opposition was filed to Conway's motion. On October 19, 2021, the County Defendants filed the instant motion for summary judgment. (Dkt. 17). No opposition was filed to the County Defendants' motion.

# DISCUSSION

## I.     Legal Standards

### A.     Motion to Dismiss

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at

555).  While the Court is "obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must satisfy the plausibility standard set forth in *Iqbal* and *Twombly*, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally.").  "In deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency. . . .  Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law."  *Bey v. Nugent*, No. 18-CIV-7878 (PGG)(RWL), 2020 WL 6530917, at *4 (S.D.N.Y. June 3, 2020), *report and recommendation adopted*, No. 18-CIV-7878 (PGG)(RWL), 2020 WL 4731419 (S.D.N.Y. Aug. 14, 2020) (quotation omitted).

### B. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Where a motion for summary judgment is unopposed, the Court accepts as true all factual allegations in the admissible materials accompanying the motion for summary judgment, see Fed. R. Civ. P. 56(e), and assesses only whether any genuine issue of material fact remains for trial on the summary judgment record as it stands." *Sanders v. Viseau*, No. 3:20CV00250(SALM), 2021 WL 6197314, at *2 (D. Conn. Dec. 30, 2021) (quotation and citation omitted).

-7-

## C.     Administrative Exhaustion

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

> To satisfy that requirement, prisoners in New York must ordinarily follow a three-step DOCS grievance process.  The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee.  Next, the inmate may appeal an adverse decision to the prison superintendent.  Finally, the inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC").  In general, it is only upon completion of all three levels of review that a prisoner may seek relief in federal court under § 1983.

*Crenshaw v. Syed*, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010) (citations omitted); *see also Tillman v. Phillips*, No. 9:19-CV-1597 (LEK/CFH), 2021 WL 5233308, at *3 (N.D.N.Y. Nov. 10, 2021) ("Courts in [ ]this Circuit have long recognized [DOCCS' three-step] procedure as an 'available' remedy for purposes of the PLRA." (quoting *Hall v. Cnty. of Saratoga*, No. 10-CV-1120 (NAM/CFH), 2013 WL 838284, at *1-2 (N.D.N.Y. Mar. 6, 2013)), *report and recommendation adopted*, No. 9:19-CV-1597 (LEK/CFH), 2021 WL 5768393 (N.D.N.Y. Dec. 6, 2021).  "[T]he PLRA requires 'proper exhaustion,' which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege

excessive force or some other wrong," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), and applies to pretrial detainees, *Wilson v. Calderon*, No. 14-CIV-6209(GBD)(GWG), 2017 WL 2881153, at *6 (S.D.N.Y. July 6, 2017) ("For both sentenced prisoners and pretrial detainees, the [PLRA] . . . places an additional restriction on § 1983 claims: a prisoner must exhaust all available administrative remedies before filing his or her complaint in federal court."), *report and recommendation adopted*, No. 14CIV6209GBDGWG, 2017 WL 3209148 (S.D.N.Y. July 27, 2017). "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007). As such, "[t]he exhaustion inquiry . . . requires that [the court] look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009).

"Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011); *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) ("mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."). "[D]efendants bear the burden of proof and prisoner plaintiffs need not plead exhaustion with particularity." *McCoy v. Goord*, 255 F. Supp. 2d 233, 248 (S.D.N.Y. 2003). An exception from the exhaustion requirement exists only if the process is unavailable to a prisoner because "(1) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates, (2) it is so opaque that it becomes, practically speaking, incapable of use, meaning that some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it; or (3) prison administrators thwart inmates from taking advantage

of a grievance process through machination, misrepresentation, or intimidation." *Smith v. Papoosha*, No. 3:19CV206 (MPS), 2022 WL 35802, at *6 (D. Conn. Jan. 4, 2022) (internal citation and quotations omitted).

"The question as to whether the plaintiff has exhausted his administrative remedies is a question of law." *Ayers v. Scarlotta,* No. 9:20-CV-51 (GTS/TWD), 2021 WL 1575938, at *4 (N.D.N.Y. Apr. 22, 2021) (citing *Snider v. Melindez*, 199 F.3d 108, 113-14 (2d Cir. 1999)), *report and recommendation adopted*, No. 9:20-CV-51 (GTS/TWD), 2021 WL 2211015 (N.D.N.Y. June 1, 2021).  The Court is cognizant that "[m]ost circuits that have considered the issue, . . .  including this circuit, have held that nonexhaustion is an affirmative defense, and that therefore defendants bear the burden of proof and prisoner plaintiffs need not plead exhaustion with particularity."  *McCoy,* 255 F. Supp. 2d at 248. Accordingly, "[t]he only circumstance in which it is appropriate to dismiss a complaint on nonexhaustion grounds is when it is apparent from the face of the complaint that the plaintiff failed to exhaust his administrative remedies." *Randle v. Alexander,* 960 F. Supp. 2d 457, 483 (S.D.N.Y. 2013).  More often, the issue is resolved on a motion for summary judgment. *Johnson v. City of New York*, No. 09 CIV. 4685 PGG, 2011 WL 1044852, at *11 (S.D.N.Y. Mar. 18, 2011) ("[C]ourts routinely grant summary judgment against plaintiffs who have failed to exhaust administrative remedies as required by the PLRA.").

## II.     Analysis

Here, Plaintiff alleges in his complaint that he filed a grievance regarding both of his pending claims but concedes that he did not appeal beyond those filings.  (Dkt. 1 at 5-6).  As a result, it is undisputed that Plaintiff has not exhausted his administrative remedies.  As noted by the court in *Sanders v. Viseau*, No. 3:20CV00250(SALM), 2021 WL 6197314, at *4 (D. Conn. Dec. 30, 2021):

> A plaintiff who files a Level 1 grievance will not be found to have exhausted his remedies if "he had not pursued the available remedy of filing a 'level two grievance[.]'" *Gibson v. Goord*, 280 F.3d 221, 223 (2d Cir. 2002); *see also Ben-Israel v. Diaz*, No. 3:18CV01723(VLB), 2019 WL 4738858, at *4 (D. Conn. Sept. 27, 2019) ("A grievance that is denied or rejected may be appealed to the next level. . . . Thus, under the directive, plaintiff was able to appeal the rejection to Level 2 and was required to do so to complete the exhaustion process.  Plaintiff failed to fully exhaust his administrative remedies before commencing this action." (citations omitted)); *Morales v. Dzurenda*, No. 3:07CV01220(CFD), 2009 WL 8695525, at *4 (D. Conn. Sept. 8, 2009), *aff'd*, 383 F. App'x 28 (2d Cir. 2010) ("Morales did not comply with the requirements of Administrative Directive 9.6 for filing a Level 2 Grievance in order to appeal the denial of the Level 1 Grievance. Thus, he did not properly exhaust his administrative remedies.").

*Id.* at *4.  "The administrative directives provide that an inmate may appeal to level 2 if he fails to receive a timely response to his level 1 grievance or if his level 1 grievance is rejected."  *Id.* at *3.  Here, while Plaintiff alleges that he received no relief in response to his grievance, he was nevertheless required to continue to pursue the exhaustion of his administrative remedies, which he failed to do.

In light of his *pro se* status, the Court also considers whether Plaintiff's failure to exhaust should be excused under any of the available exceptions and concludes that Plaintiff having failed to respond to the pending motions, there is no information before

the Court that could justify the application of an exception. *See Banks v. United States*, No. 10 Civ. 6613 (GBD) (GWG), 2011 WL 4100454, at *11 (S.D.N.Y. Sept. 15, 2011) ("[The plaintiff] has not demonstrated that he should be excused from having to comply with the PLRA's exhaustion requirements."), *adopted*, 2011 WL 5454550 (S.D.N.Y. Nov. 9, 2011); *Hill v. Donoghue*, No. 08-CV-1045 (JS) (AKT), 2010 WL 3924858, at *1 (E.D.N.Y. Sept. 30, 2010) ("[A] prisoner plaintiff may seek to counter [the] defendants' contention that the prisoner has failed to exhaust available administrative remedies."). There being no evidence that the grievance process was unavailable to Plaintiff, particularly where Plaintiff availed himself of the process by filing a grievance in the first instance, no basis to excuse his noncompliance is evident. *See also Allah v. Ryan*, 436 F. Supp. 3d 621, 628 (W.D.N.Y. 2020) (plaintiff not excused from compliance with exhaustion requirement); *Fox v. Lee*, No. 9:15-CV-0390 (TJM/CFH), 2018 WL 8576600, at *9 (N.D.N.Y Dec. 18, 2018) (rejecting as meritless plaintiff's arguments that grievance procedures were not available to him because his claims pertaining to hearing officers were non-grievable). Accordingly, dismissal of Plaintiff's complaint is warranted. *Jackson v. Jackson*, No. 16-CV-08516 (PMH), 2021 WL 981849, at *5 (S.D.N.Y. Mar. 16, 2021) ("Even while granting Plaintiff—who filed nothing in opposition to this motion . . .—every conceivable benefit of the doubt to which a *pro se* litigant is entitled, there is no genuine issue of material fact on the instant motion. Consequently, summary judgment is proper here because: (1) Defendants established that Plaintiff failed to exhaust his administrative remedies and, as such, also their entitlement to summary judgment on the affirmative defense of Plaintiff's failure to exhaust his administrative remedies as required by the

PLRA; and (2) Plaintiff was warned that failure to file an opposition would result in the Court concluding that the motion was unopposed.").

For these reasons, under either the standard for a motion to dismiss or for summary judgment, Plaintiff's complaint is subject to dismissal and both motions are granted.[1]

## **CONCLUSION**

For the foregoing reasons, Conway's motion to dismiss (Dkt. 10) and the County Defendants' motion for summary judgment (Dkt. 17) are granted.  The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:      January 7, 2022
            Rochester, NY

---

[1]      Because the issue the exhaustion of administrative remedies subjects Plaintiff's complaint to dismissal, the Court need not address the County Defendants' alternative arguments as to the sufficiency of the claims or the applicability of the doctrines of qualified immunity and/or collateral estoppel.

-13-